On appellant's petition for reconsideration filed June 10; reconsideration allowed, former opinion (311 Or App 626, 492 P3d 668) modified and adhered to as modified August 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY CHRISTIAN YAEGER,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR17252; A164641

493 P3d 579

A. Michael Adler, Judge.

Ernest Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Senior Deputy Defender, for petition.

No response filed.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

In *State v. Yaeger*, 311 Or App 626, 651, 492 P3d 668 (2021), we addressed the admissibility of four search warrants after holding that post-prison supervision officers unlawfully interrogated defendant and that the discovery of defendant's cellphones was a product of the *Miranda* violation. We concluded that, because the third and fourth warrants depended on information from an SD card, which we had concluded was lawfully obtained, those warrants were valid. Defendant petitions for reconsideration, pointing out that it was an oversight on our part to conclude that the fourth warrant, which was to search phones that were obtained unlawfully as a result of *Miranda* violation, was valid. We agree. Regardless of the sufficiency of probable cause to search defendant's cellphones, a warrant cannot authorize the search of unlawfully obtained property. We therefore allow reconsideration of our opinion and modify the text of the penultimate paragraph to read as follows (emphasis indicates modified and added text):

> "Consequently, we conclude that, even without the tainted evidence, the remaining evidence listed in the warrant application is sufficient for us to conclude that there was more than a mere possibility that evidence of child pornography or unlawful contact with a child would be discovered on the SD card. That is, there was enough evidence to support probable cause. However, because the subsequent search warrant application to search defendant's Gmail and Instagram accounts depended on the discovery of information contained in the seized personal papers of defendant, that search warrant lacked probable cause. *Because the third search warrant depended on information discovered from the SD card, that warrant was valid. The fourth warrant, however, was a warrant to search defendant's unlawfully obtained phones and was therefore not valid.*"

Further, we modify the last sentence of the last paragraph to add the emphasized text:

> "The third and fourth warrants were supported by probable cause, *but the fourth warrant was not valid, because it sought to search defendant's unlawfully obtained phones.*"

Reconsideration allowed; former opinion modified and adhered to as modified.